**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 24, 2009

Charles R. Fulbruge III
Clerk

No. 08-10380

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RICKY NEAL MEUIR

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CR-158-1

Before WIENER, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This case concerns a challenge to U.S.S.G. § 2G2.2, the Sentencing Guideline covering child pornography offenses. Because Appellant's sentencing was not contaminated by any procedural error and his sentence is substantively reasonable, we AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of interactions in an Internet chat room between Appellant Ricky Neal Meuir ("Appellant") and Detective James McLaughlin ("McLaughlin"), a police officer in Keene, New Hampshire. In July 2007, McLaughlin, posing as a 14-year-old boy named Brad Dean, engaged in several internet chat sessions with Appellant, who was posing as a 13-year-old boy from Texas. In the course of these chat sessions, Appellant sent McLaughlin several images and video clips of child pornography. A search of Appellant's residence in Fort Worth, Texas turned up additional child pornography: 1,318 printed photographs, 1,733 digital images, 143 digital video clips, and 525 images on seven VHS tapes.

Appellant confessed to sending the images to McLaughlin and pleaded guilty to Receipt of Child Pornography in violation of 18 U.S.C. § 2252(a)(2). Appellant's base offense level under the U.S. Sentencing Guidelines was calculated at 22; enhancements were added for receiving material involving a prepubescent minor (two levels), distribution of material to a minor intended to persuade or entice a minor to engage in illegal activity (six levels), receiving material portraying sado-masochistic conduct or depictions of violence (four levels), use of a computer (two levels), and possession of over 600 images (five levels). Appellant received a three-level reduction for acceptance of responsibility, resulting in a total offense level of 38 and zero criminal history points. The advisory sentencing range under § 2G2.2 was 235-293 months, which was reduced to 235-240 months to reflect the statutory maximum of 20 years. The district court sentenced Appellant to 240 months and a lifetime of supervised release. Appellant now appeals, arguing that his sentence is both procedurally flawed and substantively unreasonable.

## II. STANDARD OF REVIEW

We have recently clarified our approach in reviewing sentencing challenges on appeal. First, we determine whether the district court committed any procedural error. *United States v. Delgado-Martinez*, 564 F.3d 750, 753 (5th Cir. 2009). If it did, we apply a harmless error test. *Id.* A procedural error is harmless only if it did not affect the district court's choice of sentence. *Id.* In proving harmless error, the proponent of the sentence "must point to evidence in the record that will convince us that the district court had a particular sentence in mind and would have imposed it, notwithstanding the error made in arriving at the defendant's guideline range." *Id.* If a procedural error is significant – i.e., not harmless – it usually requires reversal. Significant procedural errors are those such as failing to calculate the Guideline range correctly or failing to calculate a Guideline range at all. *Id.* When there was no procedural error or any procedural error was harmless, this court will proceed to analyze the substantive reasonableness of the sentence. *Id.* Substantive reasonableness review entails consideration of the totality of the circumstances surrounding the offense. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 597 (2007).

## III. ANALYSIS

Appellant argues that his sentencing was contaminated by procedural error and that his sentence is substantively unreasonable. We disagree.

*Procedural Error*

Congress requires that when sentencing a defendant, a district court give "the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). Sentences within the Guidelines require "little explanation," *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005), but this court has held that "more is

required if the parties present legitimate reasons to depart from the Guidelines," *United States v. Mondragon-Santiago*, 564 F.3d 357, 362 (5th Cir. 2009).[1] Appellant argues first that the district court erred in not responding adequately to his arguments for a downward variance. Because Appellant preserved his objections at sentencing we review for abuse of discretion. *Mondragon-Santiago*, 564 F.3d at 360.

In this case, one of Appellant's arguments for a non-Guideline sentence was legitimate – that he was a first-time offender statistically at low risk for recidivism. The district court adequately explained the reasons for rejecting this argument. The other argument, that the Guideline was not entitled to deference because Congress amended it directly, was not legitimate for the reasons described below, and the district court's rejection of it therefore required little explanation. We address each in turn.

Appellant first argues that the district court did not adequately address his request for a variance based on his status as a first-time offender statistically at low risk for recidivism. The district court did not address the variance request directly, but its comments make clear that it considered – and rejected – Appellant's arguments. In reference to the fact that the plea agreement charged Appellant with a single count, the district court said: "Well, I've got some misgivings about it but I'll accept the plea agreement, so the judgment of the

---

[1] Although a "departure" is different from a "variance" (a departure is given within the Guidelines framework while a variance is a deviation from the Guidelines), *see, e.g., United States v. Smith*, 440 F.3d 704, 706-07 (5th Cir. 2006), this court's opinion in *Mondragon-Santiago*, while using the phrase "depart from the Guidelines" seems to have used that phrase as shorthand for "giving a non-Guideline sentence for any reason," since the court cited to *Rita v. United States*, 551 U.S. 338, 127 S. Ct. 2456 (2007), as authority for this proposition. *Mondragon-Santiago*, 564 F.3d at 362. In *Rita*, the Supreme Court explained that "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence ... the judge will normally go further and explain why he has rejected those arguments." *Rita*, 127 S.Ct. at 2468. Thus it appears that both *Rita* and *Mondragon-Santiago* envision more explanation being required for a district court's rejection of legitimate arguments in favor of a non-Guideline sentence whether the request is for a variance or a departure.

Court will be consistent with it. I think we're too often having, in this kind of case, we're having plea agreements that really compromise the objectives of sentencing as evidenced by the guidelines. But I'll accept the plea agreement in this case." The district court, in fact, expressed relief that the plea agreement would allow it to sentence Appellant to the 20 year statutory maximum, noting, "Well, frankly, I was concerned that I would have to sentence less than the top of the guideline range that would apply." Finally, before announcing the sentence, the district court said:

> I've considered all of the factors the defendant's attorney has advocated and I continue to be of the belief that these are very serious offenses that deserve serious punishment. And when you consider all of the factors that the court should consider in determining what punishment to impose, I conclude that a term of imprisonment of 240 months is a reasonable sentence of imprisonment in this case, plus a term of supervision for the remainder of his life.
> ***
> I'm satisfied that the sentence I've imposed is a reasonable sentence in the sense that at least a sentence at that level is required to adequately address the defendant's conduct and all of the factors that are enumerated in 18 United States Code, Section 3553(a).

The district court specifically noted that it had been concerned that the plea agreement would prevent it from giving Appellant the statutory maximum. It stated that it had considered the arguments advanced by counsel and the § 3553(a) factors and that it believed the crime was a serious one that deserved serious punishment. It even announced for the record that it had considered rejecting the plea agreement altogether because it considered it potentially too lenient. *See* Fed. R. Crim. P. 11(c). These statements taken together, as a response to an argument for a downward variance based on the offender's first-time offender status and low statistical risk of recidivism, suffice as an explanation as to why the district court did not find it appropriate to grant a downward variance.

5

Appellant's second argument in favor of his request for a downward variance at sentencing – that § 2G2.2 was structurally flawed because it was amended directly by Congress, circumventing the Sentencing Commission – is clearly meritless. The Sentencing Commission derives its authority from Congress, and Congress can amend the Guidelines directly should it choose to do so. 18 U.S.C. § 3553(a)(4)(A)(I). The simple fact that Congress directly amended a Guideline does not render that Guideline flawed. The district court's failure to respond directly to this argument when giving a within-Guideline sentence is not procedural error, since the argument is not legitimate. Appellant also makes a separate claim of procedural error on the grounds that because of the allegedly flawed nature of § 2G2.2 any consideration of that Guideline at sentencing constitutes procedural error. This contention is meritless for the same reasons.

*Substantive Reasonableness*

If there is no reversible procedural error, as in this case, we proceed to review the sentence for substantive reasonableness. *Delgado-Martinez*, 564 F.3d at 753. Appellant claims that his sentence is substantively unreasonable, and further appears to argue that § 2G2.2 should not enjoy a presumption of reasonableness on appeal. We need not reach this latter contention because Appellant's sentence is substantively reasonable whether the Guideline enjoys a presumption of reasonableness on appeal or not. Since *Gall*, 552 U.S. 38, we review all sentences, whether inside or outside of the Guidelines, for substantive reasonableness. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). Because Appellant objected to his sentence as unreasonable below, this court reviews for abuse of discretion. *Id*. A non-Guideline sentence is unreasonable in light of the § 3553(a) sentencing factors when it "(1) does not account for a factor that should have received significant weight, (2) gives

significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). After *Gall*, a within-Guidelines sentence may be afforded a presumption of reasonableness. *Gall*, 128 S. Ct. at 597. This court has chosen to do so. *See, e.g., United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Such a presumption of reasonableness is rebutted only "where the sentence falls so far afoul of one of the standards in [*United States v. Smith*] as to constitute a clear error in the court's exercise of its broad sentencing discretion." *United States v. Nikonova*, 480 F.3d 371, 376 (5th Cir. 2007). Appellant's sentence is reasonable under either standard.

Appellant possessed over 3,000 images of child pornography. He sent pornographic and child pornography images – some of which contained violent imagery – to someone he believed was a minor, and encouraged that person to send him pornographic images of himself. Appellant's only specific contention as to substantive unreasonableness in this case is that the district court should have given greater weight to the fact that this was his first offense. But given the scope of Appellant's collection of child pornography and his aggressive behavior in soliciting pornographic images from someone he believed to be a minor, the district court did not abuse its discretion – much less commit clear error – in sentencing Appellant to the within-Guideline statutory maximum. The district court's judgment is AFFIRMED.