# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 22, 2010

No. 09-10222
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEVE KELBY SAMPLES,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-12-1

Before KING, STEWART and HAYNES, Circuit Judges.

PER CURIAM:[*]

Steve Kelby Samples appeals the sentences imposed for his convictions on one count of possession of child pornography and one count of transporting and shipping child pornography. The district court sentenced Samples to a life term of supervised release and concurrent terms of 120 months of imprisonment for possession of child pornography and 240 months of imprisonment for transporting and shipping child pornography.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After *United States v. Booker*, 543 U.S. 220 (2005), this court reviews sentences for reasonableness. *Gall v. United States*, 552 U.S. 38, 46 (2007). We first examine whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence–including an explanation for any deviation from the Guidelines range." *Id.* at 51. If the district court's decision is procedurally sound, we will then "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.*

Samples first argues that the district court erred as a matter of law in sentencing him based on U.S.S.G. § 2G2.2 because § 2G2.2 fails, by its very structure and application, to honor the sentencing considerations of § 3553(a). Samples contends that § 2G2.2 is flawed because it was formulated based on amendments by Congress directly, without empirical study and institutional support by the Sentencing Commission, and that the guidelines ranges resulting from the application of § 2G2.2 are inflated relative to the applicable statutory minimum and maximum imprisonment terms. Samples contends that the district court was prohibited from considering § 2G2.2 in sentencing him and that the district court committed procedural error by failing to discriminate between a recidivist and a first-time offender such as Samples, in that the sentence imposed upon Samples would have been reserved for a recidivist under a properly formulated guideline. Samples concedes that this argument was rejected in *United States v. Meuir*, No. 08-10380, 2009 WL 2222881 at *3 (5th Cir. July 24, 2009) (unpublished). *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006). However, he seeks to preserve the argument for further review.

Because Samples did not raise this argument in the district court, review of this issue is for plain error only. *See United States v. Campos-Maldonado*, 531

F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Samples has not shown that the district court committed clear or obvious error in considering § 2G2.2 in sentencing him. *See United States v. Salinas*, 480 F.3d 750, 756 (5th Cir. 2007); *see also United States v. Duarte*, 569 F.3d 528, 530 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009).

Samples also contends that the district court committed procedural error by considering only the seriousness of the offense, to the exclusion of the other § 3553(a) factors, and that his sentence is substantively unreasonable. The record reflects that the district court adequately considered the § 3553(a) factors. *See United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir.), *cert. denied*, 129 S. Ct. 624 (2008). Furthermore, deference is afforded to the district court's sentencing decision, and Samples's sentence did not constitute an abuse of discretion. *See Gall*, 552 U.S. at 51, 59-60.

AFFIRMED.