# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 2, 2011

No. 10-30796
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TIMOTHY HENDRICKS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-158-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Timothy Hendricks appeals the 87-month sentence imposed by the district court following his guilty plea conviction for possession of child pornography. He argues that U.S.S.G. § 2G2.2(b)(7)(D) is unconstitutional because it was enacted by Congress, rather than the Sentencing Commission, in violation of the Separation of Powers Doctrine. He also asserts that because the child pornography images are the by-product of abuse and are available for free or

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trade on the internet, his possession of additional images does not justify a dramatic increase in punishment.

Because Hendricks did not raise these arguments in the district court, review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). Under the plain error standard, he must show that there is an error that is clear or obvious and that the error affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If these prongs are established, the court has the discretion to correct the forfeited error, "which ought to be exercised only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal marks and citation omitted).

Hendricks failed to demonstrate that the district court's application of § 2G2.2(b)(7)(D) constitutes error that is clear or obvious. The only case Hendricks cites to support his proposition that § 2G2.2(b)(7)(D) is unconstitutional because it was enacted by Congress is *Mistretta v. United States*, 488 U.S. 361 (1989). However, *Mistretta* considered whether Congress, by placing the Sentencing Commission within the Judicial Branch, "delegated excessive legislative power" or "upset the constitutionally mandated balance of powers among the coordinate Branches." 488 U.S. at 412. The Supreme Court held that it did not. *Id.* *Mistretta* does not lend support to Hendricks's argument that § 2G2.2(b)(7)(D) is unconstitutional because it was enacted by Congress. *See United States v. Rodgers*, 610 F.3d 975, 977 (7th Cir. 2010) (rejecting the argument advanced by Hendricks); *United States v. Bastian*, 603 F.3d 460, 465 (8th Cir. 2010) (same).

Further, this court has rejected, albeit in an unpublished opinion, the argument that § 2G2.2 was structurally flawed because it was amended directly by Congress, circumventing the Sentencing Commission. *See United States v. Meuir*, 344 F. App'x 3, at *7 (5th Cir. 2009) (unpublished). Hendricks has failed to show that the district court's enhancement of his offense level under

2

§ 2G2.2(b)(7)(D) was error, much less plain error. *See United States v. Valles*, 484 F.3d 745, 759 (5th Cir. 2007) (noting that, to show plain error, the defendant must show that the error is clear under current law). Hendricks's mere disagreement with § 2G2.2(b)(7)(D) is insufficient to demonstrate that his within-guidelines sentence was unreasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008).

AFFIRMED.